UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE ACOSTA,

Plaintiff,

v. Case No. 8:25-cv-1421-CPT

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

Defendant.
______________________________/

# **O R D E R**

The Plaintiff seeks judicial review of the Commissioner's decision denying her application for Disability Insurance Benefits (DIB). For the reasons discussed below, the Commissioner's decision is reversed, and the case is remanded.

## I.

The Plaintiff was born in 1970, completed two years of college, and has past relevant work experience as a secretary. (R. 194, 238). In December 2021, the Plaintiff applied for DIB, alleging disability as of October 2020 due to, inter alia, anxiety, fibromyalgia, brain fog, chronic pain, and difficulties sleeping. (R. 194, 237). The Social Security Administration (SSA) denied the Plaintiff's application both initially and on reconsideration. *See* (R. 101–05, 107–10, 113–19); *see also* (Doc. 21 at 1).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter in February 2024. (R. 11). The Plaintiff was represented by an attorney at that proceeding and testified, as did a vocational expert (VE). *Id.*

In a decision issued in August 2024, the ALJ determined that the Plaintiff (1) had not engaged in any substantial gainful activity since her alleged onset date in October 2020; (2) had the severe impairments of fibromyalgia, depressive disorder, and anxiety disorder, (3) did not, however, have an impairment or combination of impairments that met or medically equaled any of the listings;[1] (4) had the residual functional capacity (RFC) to perform light work subject to various physical and environmental restrictions;[2] and (5) based on the VE's testimony, could engage in jobs that exist in significant numbers in the national economy. (R. 13–21). Given these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 21).

The Appeals Council denied the Plaintiff's subsequent request for review. *See* (R. 1). Accordingly, the ALJ's decision became the final decision of the Commissioner. *See Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313 (11th Cir. 2021) (citation omitted).

---

[1] The listings are found at 20 C.F.R. Pt. 404, Subpt. P, App'x 1, and catalog those impairments that the SSA deems significant enough to prevent a person from performing any gainful activity. *See* 20 C.F.R. § 404.1520(a)(4)(iii). When a claimant's affliction matches an impairment on the list, the claimant is automatically entitled to disability benefits. *See id.*; *see also Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).

[2] These limitations included that the Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently; could push or pull as much as she could lift and carry; could sit for six hours, stand for six hours, and walk for six hours in an eight hour workday; could occasionally climb ramps and stairs but could not climb ladders, ropes, or scaffolds; could balance frequently; and could occasionally stoop, kneel, crouch, and crawl. (R. 16).

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a).[3] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

To ascertain whether a claimant is disabled, the Social Security Regulations prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520(a)(4)).[4] Under this process, an ALJ must assess whether the claimant: (1) is performing substantial gainful activity; (2) has a medically determinable impairment that is severe; (3) has a severe medically determinable impairment that meets or equals one of the listings; (4) has the RFC to engage in her past relevant work; and (5) can perform other jobs in the national economy given her RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4)). Although the claimant has the burden of proof through step four,

[3] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

[4] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

the burden temporarily shifts to the Commissioner at step five. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1279 (11th Cir. 2020) (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that she cannot engage in the work identified by the Commissioner. *Goode*, 966 F.3d at 1279. In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision disposing of the claimant's disability application after a hearing. 42 U.S.C. § 405(g). Judicial review is confined to determining whether the Commissioner applied the correct legal standards and whether the decision is buttressed by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (per curiam) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citations omitted). In evaluating whether substantial evidence bolsters the Commissioner's decision, a court may not decide the facts anew, reweigh the evidence, or make credibility determinations. *Viverette*, 13 F.4th at 1314 (citation omitted);

*Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam)). While a court will defer to the Commissioner's factual findings, it will not defer to his legal conclusions. *Viverette*, 13 F.4th at 1313–14 (citation omitted); *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

III.

The Plaintiff's main challenge on appeal is that the ALJ did not properly assess the Plaintiff's severe impairment of fibromyalgia under Social Security Ruling (SSR) 12-2p (Doc. 21). *See* (SSR) 12-2p, 2012 WL 3104869 (July 25, 2012); *see also Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019) (per curiam) (discussing SSR 12-2p and noting that SSRs are "binding on all components of the [SSA]"). After careful review of the parties' submissions and the record, the Court finds that the Plaintiff's challenge is well-founded and warrants remand.

SSR 12-2p defines fibromyalgia as "a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissue that has persisted for at least [three] months." 2012 WL 3104869, at *2. As the Eleventh Circuit has emphasized, fibromyalgia is a difficult affliction to gauge because it is often unaccompanied by any "medical or laboratory signs and is generally diagnosed mostly on a[n] individual's described symptoms." *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 863 (11th Cir. 2017) (per curiam) (quoting *Moore*, 405 F.3d at 1211); *see also Reliford v. Barnhart*, 444 F. Supp. 2d. 1182, 1186–87 (N.D. Ala. 2006) ("[Fibromyalgia is] a common, but elusive and mysterious, disease[.] . . . Its cause or causes are

unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia.") (internal quotation marks and citation omitted). Common symptoms of fibromyalgia include chronic "pain throughout the body, multiple tender points, fatigue, stiffness, and a pattern of sleep disturbance that can exacerbate the cycle of pain and fatigue associated with the disease." *Davis v. Astrue*, 287 F. App'x 748, 762 (11th Cir. 2008) (per curiam) (citation omitted). Of significance here, the symptoms of fibromyalgia additionally "can wax and wane so that a [claimant] may have 'bad days and good days.'" SSR 12-2p, 2012 WL 3104869, at *6. As a result, SSR 12-2p counsels that ALJs should examine "longitudinal records [which] reflect[ ] ongoing medical evaluation and treatment from acceptable medical sources" in determining whether, and the extent to which, fibromyalgia is present. *Id*. at *3.

The Eleventh Circuit highlighted the challenges of assessing fibromyalgia in *Somogy v. Comm'r of Soc. Sec.*, observing that the "hallmark" of fibromyalgia is "a lack of objective evidence." 366 F. App'x 56, 63 (11th Cir. 2010) (per curiam) (quoting *Moore*, 405 F.3d at 1211). One of the decisions the *Somogy* court cited to buttress this acknowledgment was *Green-Younger v. Barnhart*, in which the Second Circuit pointed out that because of the subjective nature of fibromyalgia, "physical examinations will usually yield normal results—a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions." *Green-Younger*, 335 F.3d 99, 108–09 (2d Cir. 2003) (quotation omitted). The Eleventh Circuit went on to find in *Somogy* that "[g]iven the nature of fibromyalgia, a claimant's subjective complaints of pain are

often the only means of determining the severity of [the claimant's] condition and the functional limitations caused thereby." 366 F. App'x at 64 (citing *Green-Younger*, 335 F.3d at 107).

Courts in this Circuit have heeded the Eleventh Circuit's teachings in *Somogy*, recognizing that there is typically a paucity of objective evidence for claimants who have fibromyalgia. *See, e.g.*, *Smith v. Astrue*, 2012 WL 2912658, at *5 n.3 (M.D. Fla. June 25, 2012) (stating that joint and muscle examinations of an individual with fibromyalgia generally produce normal findings) (citing HARRISON'S PRINCIPLES OF INTERNAL MEDICINE 1706–07 (Kurt J. Isselbacher et al., eds., 13th ed. 1994)), *report and recommendation adopted*, 2012 WL 2912657 (M.D. Fla. July 16, 2012). Indeed, at least one other court in this District has ruled that an "[u]ndue emphasis on the lack of objective findings to substantiate a claimant's fibromyalgia-related reports constitutes error under well-established case law of this Circuit." *Francis v. Saul*, 2020 WL 1227589, at *4 (M.D. Fla. Mar. 13, 2020) (citing *Witherell v. Berryhill*, 2019 WL 1397927, at *4 (M.D. Fla. Mar. 28, 2019)).

Against this backdrop, the Court finds the ALJ's decision here to be lacking. To begin, as the ALJ herself acknowledged, the Plaintiff has been diagnosed with fibromyalgia and suffers from some of the characteristic symptoms of that condition, including insomnia, fatigue, chronic joint pain, and the "wax[ing] and wan[ing]" of her energy levels. (R. 17–19). Yet despite these tell-tale signs and despite deeming the Plaintiff's fibromyalgia to be a severe impairment (R. 14), nowhere in the ALJ's decision does she reference, much less address the dictates of SSR 12-2p. *See Itani v.*

*Comm'r of Soc. Sec.*, 2023 WL 2386814, at *6 (M.D. Fla. Mar. 7, 2023) (finding that the ALJ's disability determination concerning the claimant's fibromyalgia-related symptoms was inadequate because "the ALJ did not discuss the unique nature of fibromyalgia . . . or recognize that a claimant's subjective complaints may be the only means of determining its severity and the functional limitations she experiences"); *Feaster v. Comm'r of Soc. Sec.*, 2022 WL 11362306, at *4 (M.D. Fla. Feb. 25, 2022) (faulting the ALJ for "not discuss[ing] or evaluat[ing the plaintiff's] signs, symptoms, and conditions [affiliated with fibromyalgia] as they relate to SSR 12–2p"). There is case authority in this Circuit that this deficiency alone warrants remand. *See, e.g.*, *Catalan v. Berryhill*, 2018 WL 4055340, at *3, 4 (M.D. Fla. Aug. 9, 2018) (reversing and remanding where the ALJ did not follow SSR 12-2p's guidelines); *Morgan v. Comm'r of Soc. Sec*., 2015 WL 1311062, at *7, 8 (M.D. Fla. Mar. 24, 2015) (reversing and remanding where the ALJ did not take into account or comply with SSR 12-2p's instructions for addressing fibromyalgia claims); *see also Karan M. L. v. Bisignano*, 2025 WL 3301555, at *6 (N.D. Ga. Aug. 29, 2025) (finding the ALJ's decision to be flawed because "there [wa]s no indication the ALJ applied SSR 12-2p in considering [the claimant's] pain and other symptoms associated with fibromyalgia").

This is not the only error committed by the ALJ relative to SSR 12-2p, however. In contravention of that rule, the ALJ placed too much weight on the objective evidence of record. Specifically, the ALJ discounted the opinion of the Plaintiff's treating physician, Dr. Michael Burnett, solely because it was inconsistent with a singular set of physical examination findings compiled by a consultative examiner,

Dr. Frantz Saintvil. (R. 18–19). And the ALJ similarly found unpersuasive the limitations proposed by Dr. Saintvil because they did not cohere with the one-time physical examination findings of a different provider, Dr. Charles Liebowitz. (R. 19). The ALJ's failure to meaningfully take into account that the Plaintiff's fibromyalgia-related symptoms could "wax and wane" and that it was thus incumbent on the ALJ to consider "longitudinal records reflecting [the Plaintiff's] ongoing medical evaluation and treatment" undermines her assessment of this opinion evidence. SSR 12-2p, 2012 WL 3104869, at *6. This misstep by the ALJ also requires remand. *See Itani*, 2023 WL 2386814, at *6 (reversing and remanding where the ALJ gave outsized importance to the dearth of objective findings in declining to credit medical source opinions); *Sosa v. Kijakazi*, 2022 WL 420755, at *6 (M.D. Fla. Feb. 11, 2022) (reversing and remanding, at least in part, because the ALJ's rejection of a physician's opinion predicated on "laboratory findings . . . d[id] not comport with the fact that physical examinations for persons with fibromyalgia will usually yield normal results").

In light of all the above, the Court concludes that the ALJ's disability determination is not supported by substantial evidence. The Commissioner's contentions to the contrary (Doc. 24) are unconvincing.

IV.

Based upon the foregoing, it is hereby ORDERED:

1. The Commissioner's decision is reversed, and the case is remanded for further proceedings before the Commissioner consistent with this Order. On remand, the ALJ must consider all the record evidence in accordance with the governing case

law and the applicable regulatory provisions in assessing the Plaintiff's impairments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983).

2. The Clerk of Court is directed to enter Judgment in the Plaintiff's favor, to terminate any pending motions and deadlines, and to close the case.

SO ORDERED in Tampa, Florida, this 31st day of August 2026.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to
Counsel of record