UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE ACOSTA,

Plaintiff,

v. Case No. 8:25-cv-1421-CPT

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

Defendant.
__________________________________/

# **O R D E R**

Before the Court is the Plaintiff's unopposed motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA or the Act). (Doc. 28). For the reasons discussed below, the Plaintiff's motion is granted.

## I.

The Plaintiff initiated this action in June 2025, seeking judicial review of the Commissioner's decision denying her application for Disability Insurance Benefits. (Doc. 1). In August 2026, the Court reversed the Commissioner's decision and remanded the case for further proceedings. (Doc. 25). The Clerk of Court entered Judgment for the Plaintiff the next day. (Doc. 26). The instant motion, uncontested by the Commissioner, followed. (Doc. 28).

II.

The EAJA permits a court to grant attorney's fees and other expenses to any party who succeeds in litigation against the United States, including proceedings for judicial review of agency action. *See* 28 U.S.C. § 2412(d). To recover fees under the Act, three conditions must be met: (1) a party must file a fee application within thirty days of the final judgment; (2) the fee applicant must qualify as the prevailing party and her net worth must not have exceeded $2,000,000 at the time she commenced the action; and (3) the government's position must not have been substantially justified and there must be no other special circumstances that would render such an award unjust. *See id.*; *see also Patton v. Berryhill*, 2017 WL 6520474, at *1 (M.D. Fla. Dec. 18, 2017) (citing *Myers v. Sullivan*, 916 F.2d 659, 666–67 (11th Cir. 1990)).

Each of these conditions has been satisfied here, as the Commissioner effectively acknowledges by his lack of opposition. Thus, it is appropriate to grant attorney's fees in this case pursuant to the EAJA.

In assessing the fees to be authorized, courts look to subsection 2412(d)(2)(A), which provides, in pertinent part:

> The amount of fees [to be] awarded [to the prevailing party in any civil action brought against any agency or official of the United States] shall be based upon [the] prevailing market rates for the kind and quality of the services furnished, except that . . . attorney['s] fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

As this statutory language reflects, an analysis of the applicable hourly rate under the Act consists of two steps. First, a court must ascertain the market rate for similar services provided by lawyers of comparable skill, experience, and reputation. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (citation omitted). Second, if the prevailing market rate is more than $125 per hour, a court must decide whether to adjust the hourly rate for an increase in the cost of living or some special factor. *Id.* at 1033–34.

The market rate during the relevant period for the type of work at issue in this lawsuit is not subject to precise calculation. In the Court's experience, counsel submitting EAJA fee petitions for services performed since 2020 have typically sought hourly rates exceeding $200. As a result, the hourly rates charged by competent attorneys in this market have, for some time, surpassed the statutory cap of $125. The Court is not alone in this observation. *See, e.g.*, *Cruz v. Comm'r of Soc. Sec.*, 2026 WL 2086606, at *1 (M.D. Fla. July 20, 2026); *Roman v. Comm'r of Soc. Sec.*, 2024 WL 3046249, at *1 (M.D. Fla. June 18, 2024); *Chartier v. Comm'r of Soc. Sec.*, 2022 WL 1289335, at *2 (M.D. Fla. Apr. 29, 2022). The Court therefore finds it proper to deviate upwardly from the EAJA's base fee rate to account for inflation.

Courts in this district and elsewhere routinely compute cost-of-living adjustments under the Act by using the Bureau of Labor Statistics' Consumer Price

Index (CPI). *See, e.g.*, *Wilborn v. Comm'r of Soc. Sec.*, 2013 WL 1760259, at *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. 2009); *Morrison v. Astrue*, 2010 WL 547775, at *2 (S.D. Fla. Feb. 12, 2010); *see also Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (collecting various circuit opinions utilizing the CPI to determine hourly rate adjustments).[1] In light of this case authority, the Court finds it reasonable to rely on the CPI as a guide for calculating cost-of-living increases under the EAJA. *See* U.S. DEP'T OF LAB., BUREAU OF LAB. STATS., https://data.bls.gov/cgi-bin/surveymost?bls [https://perma.cc/UL95-RXVY] (last visited July 28, 2026).

In this case, the Plaintiff seeks $3,683.05 in fees based on a total of 14.25 hours of work undertaken in this action in 2025 and 2026 by her lawyer, Michael A. Steinberg. (Doc. 28). The Plaintiff's requested fee amount is predicated upon an hourly rate of $258.46 for Mr. Steinberg. *Id.* To buttress her fee request, the Plaintiff submits, inter alia, an itemized schedule of the labor engaged in by Mr. Steinberg, along with her fee agreement with counsel. (Docs. 28-1, 28-2). The Commissioner does not object to the hourly rate claimed by Mr. Steinberg—which appears to be consistent with the CPI—or the Plaintiff's overall fee figure. (Doc. 28).

[1] For a discussion of the CPI data employed by many courts in this Circuit, as well as an explanation of the cost-of-living adjustment calculation, see *Sensat v. Berryhill*, 2018 WL 5257143, at *6 n.12 (S.D. Fla. Oct. 22, 2018).

Given the Commissioner's lack of opposition, as well as the Court's own knowledge and experience in addressing fee matters, the Court finds that the number of hours and the hourly rate sought by counsel are reasonable and adequately supported. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988); *Barreras v. Comm'r of Soc. Sec.*, 2021 WL 3934269, at *3 (M.D. Fla. Aug. 2, 2021), *report and recommendation adopted*, 2021 WL 3930507 (M.D. Fla. Sept. 2, 2021). The Plaintiff is thus entitled to $3,683.05 in attorney's fees.

III.

Based upon the foregoing, it is hereby ORDERED:

1. The Plaintiff's unopposed motion for attorney's fees pursuant to the EAJA (Doc. 28) is granted.

2. The Plaintiff shall be awarded attorney's fees in the amount of $3,683.05.

3. In accordance with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the Commissioner's remittance of this sum shall be made payable to the Plaintiff. If the government concludes that the Plaintiff does not owe any debt to the government, the Commissioner may honor an assignment of fees to the Plaintiff's lawyer.

SO ORDERED in Tampa, Florida, this 10th day of November 2026.

Christopher P. Tuite

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record